**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DIGITAL DEVELOPMENT LLC,
a Michigan limited liability company,

Plaintiff,

v.

HAFIZ ABDUL FASIT, individually and
dba THE GAMINATORS and/or
COUNTER APPS STUDIO, and JOHN
DOES 1-10,

Defendants.

Case No. 26-cv-11671

Hon. _____

**Complaint and Jury Demand**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff **Digital Development LLC**, doing business as **Nosniy Games** ("Plaintiff" or "Digital Development"), by and through counsel, alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 et seq., and for trademark infringement, false designation of origin, and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), arising from Defendants' development, publication, marketing, and operation of the online game **"Rivals Shooter: Duel FPS"** (the "Infringing Game").

2. Plaintiff owns and operates the Roblox game **RIVALS**, together with intellectual-property rights associated with that game, including copyrighted

audiovisual and graphic elements, and federally registered and common-law trademark rights in the **RIVALS** name and associated source-identifying branding.

3. Defendants published and operated the Infringing Game online and copied multiple original elements from Plaintiff's game, including without limitation the Arena map texture and associated artwork, user-interface features, and end-game win-screen animations.

4. Defendants also used source-identifying branding for the Infringing Game in a manner likely to confuse consumers, including a confusingly similar color presentation and branding intended to trade on the goodwill associated with Plaintiff's RIVALS game.

**THE PARTIES**

5. Plaintiff **Digital Development LLC** is a Michigan limited liability company with its principal place of business in Birmingham, Oakland County, Michigan. Plaintiff does business under the name **Nosniy Games**.

6. Upon information and belief, Defendant **Hafiz Abdul Basit** ("Basit") is the developer, publisher, owner, operator, and/or controlling entity of The Gaminators/Counter Apps Studio, which publishes and distributes the Infringing Game on Google Play. Upon information and belief, all identified Defendants are Pakistani entities or individuals.

7. Pursuant to the Digital Millennium Copyright Act, Digital Development submitted a copyright removal request to Google concerning

Defendants' infringing game (Exhibit 1). Google removed or disabled access to the infringing content globally. Google then notified Plaintiff that Defendants submitted a counter-notification seeking reinstatement, asserting that their content should be restored (Exhibit 2).

8.    Digital Development brings this action to restrain Defendants' ongoing infringement, prevent reinstatement or further distribution of the infringing product, recover damages and Defendants' profits, and obtain all other relief available under law.

9.    Defendants **John Does 1-10** are individuals, entities, developers, publishers, advertisers, agents, affiliates, successors, or assigns whose identities are presently unknown and who participated in, directed, authorized, materially contributed to, induced, profited from, or controlled the infringement alleged herein.

### JURISDICTION AND VENUE

10.    This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act and the Lanham Act.

11.    This Court has subject-matter jurisdiction under 28 USC § 1332 because the amount in controversy exceeds $75,000 and this action arises between a Michigan entity and entities or individuals of a foreign state.

12.    This Court has supplemental jurisdiction over related state-law claims, if any, under 28 U.S.C. § 1367.

13. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants purposefully directed their conduct toward Michigan and this District by making the Infringing Game available to users in Michigan and this District online, soliciting and serving users here, and deriving revenue and commercial benefit from those activities.

14. Personal jurisdiction is also proper because Defendants' intentional acts were expressly aimed at Plaintiff, a Michigan company, and Defendants knew or should have known that the resulting injury would be suffered in Michigan.

15. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and a substantial part of the injury to Plaintiff was suffered in this District.

16. Venue is also proper under 28 U.S.C. § 1400(a) because, upon information and belief, Defendants may be found in this District by virtue of their purposeful and continuous distribution, promotion, and exploitation of the Infringing Game here, all of which has resulted in an amount of controversy that exceeds $75,000.

**FACTUAL ALLEGATIONS**

17. Plaintiff develops, publishes, markets, and operates original video-game content, including the RIVALS game.

18. The RIVALS game is hosted on a third-party platform called Roblox.

19.    RIVALS is a first-person shooter game.

20.    Plaintiff owns all right, title, and interest in and to RIVALS and the original protectable expression embodied in RIVALS, subject to the rights reflected in any written assignments or transfers from the contributing authors.

21.    Plaintiff also owns the goodwill associated with the **RIVALS** name and branding as used in connection with online video-game services and related entertainment services.

22.    Since at least 2024, Plaintiff has used the **RIVALS** name in commerce in connection with Roblox-based video-game services offered to consumers throughout the United States, including in Michigan.

23.    Through Plaintiff's use, promotion, and commercial success, the **RIVALS** mark has come to identify Plaintiff as the source of the RIVALS game and associated services.

24.    On December 23, 2025, Plaintiff registered it trademark in the logo RiVAlS with the United States Patent and Trademark Office. The trademark registration number for the logo is 8,073,831 (Exhibit 3).

25.    Plaintiff's RIVALS game includes numerous original audiovisual and graphic elements, including but not limited to game maps, textures, character/figure artwork, animations, thumbnails, logos, and user-interface features.

26. Plaintiff also owns a registered copyright in **Arena Map**, U.S. Copyright Registration No. **VA 2-463-154**, with an effective registration date of **September 15, 2025** (Exhibit 4).

27. Defendants published and/or operated the online game known as **Rivals Shooter: Duel FPS**, which is accessible through Google Play.

28. Upon information and belief, the Infringing Game was promoted as being made by or associated with **The Gaminators** and/or **Counter Apps Studio**.

29. The Infringing Game copied numerous original expressive elements from RIVALS.

30. By way of example, the Infringing Game copied or substantially copied Plaintiff's original expression in at least the following ways:

31. It uses a substantially similar player.

32. It uses a substantially similar score user interface.

33. It uses substantially similar end-game win-screen animations.

34. It uses a substantially similar map thumbnail and map appearance for a map identified as **Arena**, including use of or close imitation of Plaintiff's Arena map texture and overall look.

35. It used a substantially similar character/figure design to the figure used in RIVALS.

36.     It adopted branding and presentation, including color usage and overall source-identifying appearance, intended to evoke Plaintiff's RIVALS game and confuse or divert Roblox users.

37.     Defendants had access to RIVALS and its expressive elements through Roblox.

38.     The Infringing Game was designed to capitalize on the commercial success and goodwill of RIVALS and to siphon players and revenue away from Plaintiff.

39.     Defendant's acts have been willful, intentional, and undertaken with knowledge of Plaintiff's rights, or at a minimum with reckless disregard for those rights.

40.     Defendants have caused and continue to cause Plaintiff substantial and irreparable injury, including loss of control over its intellectual property, diversion of users and goodwill, market confusion, and monetary harm.

### COUNT I – COPYRIGHT INFRINGEMENT

41.     Plaintiff repeats and realleges Paragraphs 1 through 40 as if fully set forth herein.

42.     Plaintiff owns a valid copyright registration in original works that Defendants copied, including at minimum the works registered as **Arena Map** (VA 2-463-154).

43.     Plaintiff also owns additional original expression embodied in RIVALS, including audiovisual displays, animations, and other protectable elements, to the extent recognized under the Copyright Act.

44.     Defendants had access to Plaintiff's copyrighted works.

45.     Defendants copied constituent original elements of Plaintiff's copyrighted works without authorization.

46.     Defendants reproduced, prepared derivative works from, displayed, distributed, performed, marketed, promoted, and otherwise exploited infringing material through the Infringing Game in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

47.     Defendants' infringement has been willful.

48.     As a direct and proximate result of Defendants' copyright infringement, Plaintiff has suffered damages and is entitled to recover Defendants' profits attributable to the infringement, as well as Plaintiff's actual damages, pursuant to 17 U.S.C. § 504.

49.     To the extent permitted by law and election, Plaintiff seeks statutory damages in excess of $75,000 for infringements of timely registered works.

50.     Plaintiff is further entitled to preliminary and permanent injunctive relief under 17 U.S.C. § 502, impoundment and disposition of infringing materials under 17 U.S.C. § 503, and attorneys' fees and costs under 17 U.S.C. § 505.

## COUNT II – TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION

51.   Plaintiff repeats and realleges Paragraphs 1 through 48 as if fully set forth herein.

52.   Plaintiff owns valid and protectable federal trademark registration in the logo design RIVALS, US Reg. No. 8,0736,831 with a registration date of December 23, 2025.

53.   Plaintiff owns valid and protectable common-law trademark rights in the **RIVALS** mark as used in commerce in connection with online videogame and entertainment services.

54.   Plaintiff also owns protectable rights in the overall source-identifying branding and presentation associated with RIVALS, including branding used to identify Plaintiff as the source of the game.

55.   The **RIVALS** mark, its color scheme, and associated branding are distinctive and/or have acquired distinctiveness through use in commerce, consumer recognition, and the game's success.

56.   Defendants use in commerce a confusingly similar designation, branding, color scheme, presentation, and source-identifying appearance in connection with the Infringing Game.

57.   Defendants' use was without Plaintiff's consent.

58.   Defendants' conduct is likely to cause confusion, mistakes, or deception as to affiliation, connection, association, sponsorship, approval, or origin.

59.     Defendants' conduct was intended to capitalize on Plaintiff's reputation and goodwill and to divert users seeking Plaintiff's game and services.

60.     As a direct and proximate result of Defendants' acts, Plaintiff has suffered and will continue to suffer damage to its goodwill, reputation, and business, and is entitled to injunctive relief, Defendants' profits, corrective relief, damages, costs, and such enhanced relief as the law permits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants as follows:

A. Declaring that Defendants infringed Plaintiff's copyrights;

B. Declaring that Defendants infringed Plaintiff's trademark rights and engaged in false designation of origin and unfair competition;

C. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from copying, reproducing, displaying, distributing, marketing, promoting, operating, monetizing, or otherwise exploiting the Infringing Game or any work, feature, asset, branding, or material that infringes Plaintiff's rights;

D. Ordering Defendants to remove or cause removal of the Infringing Game and all infringing or confusingly similar assets from any platform within Defendants' control;

E. Ordering impoundment, sequestration, forfeiture, destruction, or other disposition of infringing materials to the fullest extent permitted by law;

F. Awarding Plaintiff its actual damages and Defendants' profits in an amount to be proven at trial;

G. Awarding statutory damages to the extent available under the Copyright Act;

H. Awarding Plaintiff its attorneys' fees, costs, and expenses;

I. Awarding pre-judgment and post-judgment interest; and

J. Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LIPPITT O'KEEFE, PLLC**

By: /s/ David J. Simonelli
     David J. Simonelli

     LIPPITT O'KEEFE, PLLC
     David J. Simonelli (P47221)
     Carey L. Robinson (P74146)
     370 E. Maple Road, Third Floor
     Birmingham, Michigan 48009
     (248) 646-8292
     dsimonelli@lippittokeefe.com

     Attorneys for Plaintiff **Digital Development LLC**

Dated: May 20, 2026

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.


Respectfully submitted,


**LIPPITT O'KEEFE, PLLC**


By: /s/ David J. Simonelli
    David J. Simonelli

    LIPPITT O'KEEFE, PLLC
    David J. Simonelli (P47221)
    Carey L. Robinson (P74146)
    370 E. Maple Road, Third Floor
    Birmingham, Michigan 48009
    (248) 646-8292
    dsimonelli@lippittokeefe.com

    Attorneys for Plaintiff **Digital Development LLC**

Dated: May 20, 2026